Nathan B. Camuti (SBN 300568)
nate@camutilaw.com
CAMUTI LAW GROUP APC
33 Brookline
Aliso Viejo, California 92656
Telephone: (949) 716-5565

Attorneys for Defendant and Counterclaimant STEVEN DOAN

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Galatea Jewelry Corporation, a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>Hoang Doan DBA Ecks Jewelry, an individual; and Ecks Jewelry, Inc., a California corporation,<br><br>Defendants.<br><br>And Related Counterclaims. | Case No. 2:26-cv-09889-AB-SSC<br><br>**DEFENDANT STEVEN DOAN'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS**<br><br>**DEMAND FOR JURY TRIAL**<br><br>Judge: Hon. André Birotte Jr.<br><br>Complaint Filed: Sept. 3, 2026 |

Defendant Steven Doan, sued as Hoang Doan DBA Ecks Jewelry ("Doan"), answers the Complaint for Copyright Infringement (Dkt. 1) of Plaintiff Galatea Jewelry Corporation ("Plaintiff") and asserts the counterclaims set out below. This Answer is made on behalf of Doan only. Where the Complaint directs an allegation at "Defendants" or "defendants" collectively, Doan responds for himself alone. The numbered paragraphs below correspond to the numbered paragraphs of the Complaint. The Complaint's headings are

repeated for reference only. Doan denies every allegation of the Complaint, including any allegation in its headings, that is not expressly admitted below.

## NATURE OF THE ACTION

1. Paragraph 1 states legal conclusions to which no response is required. To the extent a response is required, Doan admits that the Complaint purports to assert a single claim for copyright infringement under the Copyright Act, 17 U.S.C. § 101 et seq., and that this Court has subject matter jurisdiction over that claim under 28 U.S.C. §§ 1331 and 1338(a). Doan denies that the Complaint pleads any state-law cause of action or any claim to which 28 U.S.C. § 1338(b) or supplemental jurisdiction applies, and denies the remaining allegations of paragraph 1.

## THE PARTIES

2. Doan admits, on information and belief, that Plaintiff is a California corporation with its principal place of business at 247 West Bonita Avenue, San Dimas, California.

3. Doan admits that his legal name is Steven Doan and that he was formerly known as Hoang Doan. Doan admits that he receives mail at PO Box 254, Monrovia, California 91017. Doan admits that he was identified in filings of Ecks Jewelry, Inc. with the California Secretary of State as its Chief Financial Officer, its Secretary, a director, and its agent for service of process. Doan denies that he does business as an individual under the fictitious business name "Ecks Jewelry." Doan denies the remaining allegations of paragraph 3.

4. Doan admits that Ecks Jewelry, Inc. is a dissolved California corporation and that the address of record for its agent for service of process was 247 West Bonita Avenue, San Dimas, California 91773, which is also the address that Plaintiff alleges as its own principal place of business. Doan alleges that Ecks Jewelry, Inc. used that address with the knowledge and permission of Plaintiff's principal, Chi Huynh, and that Ecks Jewelry, Inc. was dissolved on

October 15, 2018. Doan denies the remaining allegations of paragraph 4.

## JURISDICTION AND VENUE

5. Paragraph 5 states legal conclusions to which no response is required. To the extent a response is required, Doan admits that this Court has subject matter jurisdiction over the copyright claim pleaded in the Complaint under 28 U.S.C. § 1338(a), and denies the remaining allegations of paragraph 5.

6. Doan admits that he resides in California and in this District, and does not contest this Court's personal jurisdiction over him for purposes of this action. Doan lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 6 as they relate to any other defendant and on that basis denies them.

7. Doan does not contest that venue is proper in this District for purposes of this action. Doan denies that he committed any act of copyright infringement in this District or elsewhere, and denies the remaining allegations of paragraph 7.

## FACTS

8. Doan admits the allegations of paragraph 8.

9. Doan denies that Chi Huynh is the sole designer, creator, and author of each of the designs listed in paragraph 9. Doan alleges that he, together with Loc Huynh, created the designs on which the works titled "Octopus," "Octopus 2," "Whale with Pearl," "Piggy Pearl," "parrot with pearl," "Hummingbird pearl with a long tail," "king frog," "Bird of paradise jewelry," "Gold-fish," and "Frog with pearl" are based, and that the drawings and three-dimensional models of those designs were prepared at their request by design personnel of Plaintiff or its affiliates other than Chi Huynh. Doan admits that Exhibit A to the Complaint contains documents that appear to be certificates of registration bearing the registration numbers listed in paragraph 9, and states that those documents speak for themselves. Doan denies that the

registrations are valid and enforceable to the extent they contain inaccurate information, and denies the remaining allegations of paragraph 9.

10. Doan admits that Exhibit A to the Complaint contains documents that purport to be copies of certificates of registration. Doan lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of paragraph 10 and on that basis denies them.

11. Doan admits that Exhibit B to the Complaint is a document titled “Copyright Assignment” that bears the date July 16, 2026 and appears to be signed by Chi Huynh both as assignor and on behalf of the assignee. Doan states that the document speaks for itself and denies that it conveyed to Plaintiff any right that Chi Huynh did not own. Doan lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of paragraph 11 and on that basis denies them.

12. Doan admits that he worked for Plaintiff in the United States as a production manager from on or about July 25, 2011 until on or about July 17, 2018. Doan denies the remaining allegations of paragraph 12, including the allegation that his work for Plaintiff began in approximately 2013.

13. Doan admits that, in his role as production manager, he had access to certain of Plaintiff’s inventory, jewelry samples, and manufacturing information. Doan denies that any design accused in the Complaint was obtained through that access. Doan alleges that Plaintiff itself delivered design files to Doan on a USB drive for the purpose of manufacturing and selling jewelry, and that Plaintiff itself manufactured and sold the heart necklace that it now accuses of infringement. Doan denies the remaining allegations of paragraph 13.

14. Doan denies that he manufactures, advertises, markets, distributes, or sells jewelry through Ecks Jewelry, Inc., which ceased doing business and was dissolved in 2018. Doan admits that a corporation that he operates markets

and sells jewelry in the United States under the Ecks name. Doan denies the remaining allegations of paragraph 14.

15. Doan admits that Ecks Jewelry, Inc. is a dissolved California corporation. Doan lacks knowledge or information sufficient to form a belief about what Plaintiff knows or intends, and on that basis denies the remaining allegations of paragraph 15.

16. Doan denies the allegations of paragraph 16.

17. Doan admits that Exhibit C to the Complaint contains a table of images, and that the images in the right-hand column appear to depict jewelry that has been offered for sale under the Ecks name. Doan denies that any of that jewelry infringes any copyright owned by Plaintiff. Doan lacks knowledge or information sufficient to form a belief about whether the images in the left-hand column depict the works deposited with the Copyright Office under the listed registrations, and on that basis denies that allegation. Doan denies the remaining allegations of paragraph 17.

18. Doan denies the allegations of paragraph 18.

## CLAIMS OF RELIEF

## FIRST CLAIM OF RELIEF

**(Copyright Infringement – 17 U.S.C. § 501)**

19. Doan incorporates by reference his responses to paragraphs 1 through 18 above.

20. Doan denies the allegations of paragraph 20. Doan alleges that, according to Exhibit B to the Complaint, Plaintiff received no assignment of the asserted copyrights until July 16, 2026.

21. Doan denies the allegations of paragraph 21. The allegations of paragraph 21 concerning fair use state legal conclusions to which no response is required. To the extent a response is required, Doan denies them.

22. Doan denies the allegations of paragraph 22.

23. Doan denies the allegations of paragraph 23.

24. Doan denies the allegations of paragraph 24.

25. Doan denies the allegations of paragraph 25.

26. Doan denies the allegations of paragraph 26.

27. Doan denies the allegations of paragraph 27.

28. Doan denies the allegations of paragraph 28.

## RESPONSE TO PRAYER FOR RELIEF

Doan denies that Plaintiff is entitled to any of the relief requested in paragraphs A through H of its Prayer for Relief, or to any relief against Doan.

## AFFIRMATIVE AND OTHER DEFENSES

Doan asserts the following defenses. By asserting them, Doan does not assume the burden of proof on any matter for which Plaintiff bears that burden. Doan incorporates into each defense his responses above and the factual allegations of paragraphs 6 through 25 of his Counterclaims below.

### FIRST DEFENSE

**(Failure to State a Claim)**

29. The Complaint fails to state a claim upon which relief can be granted. It identifies no accused product, no act of reproduction or distribution by Doan, and no date of any such act. Its allegations of contributory and vicarious infringement identify no third party whose direct infringement Doan is claimed to have induced, contributed to, or controlled.

### SECOND DEFENSE

**(License)**

30. Plaintiff's claim is barred because Doan's use of the asserted designs was licensed, expressly or by implication. Plaintiff prepared the drawings and models of the Doan Designs at the request of Doan and Loc Huynh, was paid for that work, and delivered the design files to Doan on a USB drive for the purpose of manufacturing and selling jewelry. Plaintiff's principal

also supplied the Two of One Heart design for use in the business he formed with Doan and authorized its use and sale.

**THIRD DEFENSE**

**(First Sale – 17 U.S.C. § 109(a))**

31. Plaintiff's claim is barred as to the Two of One Heart jewelry by the first sale doctrine. Plaintiff itself manufactured that jewelry and sold it. Those copies were lawfully made, and their owner was entitled to sell them without Plaintiff's authority.

**FOURTH DEFENSE**

**(Independent Creation)**

32. Plaintiff's claim is barred as to the skull ring, the ring that Plaintiff compares to its "Lion Ring," and the hatching-bird pendant that Plaintiff compares to its "Pearl egg," because Doan created each of those designs independently and did not copy any work of Plaintiff.

**FIFTH DEFENSE**

**(Unprotectable Elements; No Substantial Similarity)**

33. Plaintiff's claim is barred to the extent it rests on elements that copyright does not protect, including ideas, the natural forms of animals, common shapes and motifs such as hearts, skulls, and octopuses, the idea of setting a pearl as part of an animal figure, and elements dictated by function or by the conventions of jewelry design. The accused jewelry is not substantially similar to any protectable expression in the asserted works.

**SIXTH DEFENSE**

**(Lack of Ownership; Co-Ownership)**

34. On information and belief, Chi Huynh was not the sole author of each asserted work, and the assignment dated July 16, 2026 conveyed to Plaintiff no rights in, and no accrued claims concerning, any work or contribution that Chi Huynh did not own. Doan is an author, or at minimum a

joint author, of the Doan Designs. A co-owner of a copyright cannot be liable to another co-owner for infringement of that copyright.

**SEVENTH DEFENSE**

**(Invalid Registrations – 17 U.S.C. § 411)**

35. On information and belief, one or more of the asserted certificates of registration contains inaccurate information that was included on the application with knowledge that it was inaccurate, including the statements that Chi Huynh was the sole author of the work and that the work was not made for hire, and the stated dates of completion and first publication. The inaccuracy, if known, would have caused the Register of Copyrights to refuse registration. Any such registration cannot support this action under 17 U.S.C. § 411(a) and (b).

**EIGHTH DEFENSE**

**(Estoppel)**

36. Plaintiff is estopped from asserting its claim. Plaintiff and its claimed predecessor in interest knew that jewelry made from the asserted designs was being sold under the Ecks and Shana names, prepared the designs and manufactured jewelry for that purpose, accepted payment, permitted the business to operate from Plaintiff’s own address, and made no objection for years. Doan did not know that Plaintiff would later contend those sales were unauthorized, and relied on Plaintiff’s conduct to his detriment.

**NINTH DEFENSE**

**(Waiver and Acquiescence)**

37. By the conduct alleged above, Plaintiff and its claimed predecessor in interest knowingly relinquished any right to object to the sale of the jewelry at issue and acquiesced in those sales.

**TENTH DEFENSE**

**(Statute of Limitations – 17 U.S.C. § 507(b))**

38. Plaintiff's claim is barred by 17 U.S.C. § 507(b) to the extent it rests on any act that occurred more than three years before the Complaint was filed on September 3, 2026. Plaintiff and its claimed predecessor in interest had actual knowledge of the sales alleged above when they occurred.

**ELEVENTH DEFENSE**

**(Laches as to Equitable Relief)**

39. To the extent Plaintiff seeks equitable relief, that relief is barred by laches. Plaintiff delayed unreasonably in asserting its claim after learning of the sales alleged above, to the prejudice of Doan.

**TWELFTH DEFENSE**

**(No Statutory Damages or Attorney's Fees – 17 U.S.C. § 412)**

40. Any infringement, which Doan denies, commenced before the effective date of registration of most of the asserted works, including each of the eight works registered effective June 8, 2026. Under 17 U.S.C. § 412, Plaintiff may not recover statutory damages or attorney's fees for those works.

**THIRTEENTH DEFENSE**

**(Innocent Infringement – 17 U.S.C. § 504(c)(2))**

41. Any infringement, which Doan denies, was innocent and not willful. Doan was not aware and had no reason to believe that his acts constituted an infringement of copyright, because Plaintiff delivered the design files to him for the purpose of manufacturing and selling jewelry, Plaintiff itself manufactured and sold the Two of One Heart jewelry, and Doan independently created the remaining accused designs.

**FOURTEENTH DEFENSE**

**(Unclean Hands)**

42. Plaintiff's claim is barred by unclean hands. On information and

belief, Plaintiff's principal registered as his own sole work, years after the fact and shortly before this action was filed, designs that originated with Doan and Loc Huynh and that Plaintiff had rendered on commission and delivered to Doan. Plaintiff now asserts those registrations against the person for whom the work was done.

## FIFTEENTH DEFENSE

### (No Basis for Injunctive Relief)

43. Plaintiff is not entitled to injunctive relief. Plaintiff has suffered no irreparable injury and has an adequate remedy at law, and the balance of hardships and the public interest do not favor an injunction.

## COUNTERCLAIMS

Counterclaimant Steven Doan ("Doan") alleges the following counterclaims against Counter-Defendant Galatea Jewelry Corporation ("Galatea").

## JURISDICTION AND VENUE

1. These counterclaims arise under the Copyright Act, 17 U.S.C. § 101 et seq., and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

2. An actual and justiciable controversy exists between Doan and Galatea. Galatea has sued Doan in this action, alleges that jewelry sold under the Ecks name infringes fifteen registered copyrights, and seeks damages and a permanent injunction. Doan denies infringement and contends that the accused jewelry is licensed, was lawfully acquired from Galatea itself, or was independently created, and that a number of the asserted registrations are invalid.

3. Galatea is subject to personal jurisdiction in this District because it is a California corporation with its principal place of business in this District and because it filed the Complaint here. Venue is proper under 28 U.S.C. §§ 1391(b) and 1400(a).

## THE PARTIES

4. Doan is an individual who resides in Los Angeles County, California. Doan was formerly known as Hoang Doan.

5. On information and belief, Galatea is a California corporation with its principal place of business at 247 West Bonita Avenue, San Dimas, California. Galatea's principal is Chi Huynh. Chi Huynh is Doan's uncle.

## FACTUAL ALLEGATIONS

### A. The Doan Designs

6. Beginning in or about 2009, before Doan began working for

Galatea in the United States in July 2011, Doan, together with his cousin Loc Huynh, created a line of original jewelry designs in which a pearl forms part of the body of a sculpted animal figure. Those designs include an octopus pendant in two versions, a frog holding a pearl, a crowned frog, a fish, a dolphin, a pig, a hummingbird, and two other birds (together, the "Doan Designs").

7. Doan and Loc Huynh engaged Galatea to render the Doan Designs as finished drawings and three-dimensional computer models and to manufacture jewelry from them. Galatea was paid for that work, including by offsets against amounts that Galatea owed to Loc Huynh.

8. The drawings and models were prepared by design personnel of Galatea or its affiliated manufacturing facility, working from the designs, reference materials, and instructions that Doan and Loc Huynh supplied. The file names of the model files identify the individual modelers who prepared them. On information and belief, Chi Huynh did not personally prepare those drawings or models.

9. Galatea delivered the completed design files for the Doan Designs to Doan on a USB drive. Galatea delivered the files so that Doan could manufacture and sell jewelry made from them. Galatea did not tell Doan, at the time of delivery or at any time before 2026, that he could not use the files for that purpose.

10. Jewelry made from the Doan Designs, including octopus pendants, was thereafter offered and sold under the Ecks name. From February 2015 until 2018, that business was conducted through Ecks Jewelry, Inc., a corporation owned by Loc Huynh and Doan. With Chi Huynh's knowledge and permission, Ecks Jewelry, Inc. used Galatea's own address, 247 West Bonita Avenue, as its business address. Galatea manufactured jewelry for Ecks Jewelry, Inc. Galatea and Chi Huynh knew of those sales and did not object.

11. On information and belief, in or about 2016 Galatea began selling

its own versions of the octopus designs. Because of the family relationship, Doan did not object. No dispute concerning any of the Doan Designs arose between Doan and Galatea before 2026.

**B. The Two of One Heart Jewelry**

12. In 2017, Chi Huynh proposed that he and Doan start a new jewelry business together, and they formed Shana Jewelry, LLC ("Shana"). Chi Huynh handled Shana's formation paperwork, recruited a sales representative to sell the Shana line, and edited Shana's product catalogs.

13. Chi Huynh supplied to the Shana business the heart design that Galatea calls "Two in One Heart" and "Two of One Heart." On November 1, 2017, Chi Huynh emailed Doan the model for the heart design, together with a copy of the copyright certificate and the original drawing.

14. During 2018, Galatea manufactured Two of One Heart jewelry for Shana, delivered it, and was paid for it. In August 2018, Chi Huynh reviewed and edited Shana's Two of One Heart catalog and approved it for printing.

15. In late 2018, Chi Huynh withdrew from Shana and turned its operations over to Doan. At that time, Chi Huynh told Doan that Doan could continue to use and sell the Two of One Heart design.

16. In April 2019, Chi Huynh sent Doan a proposed written license for the Two of One Heart design that would have imposed new restrictions on its sale. Doan declined to sign it.

17. The heart necklace that Galatea accuses of infringement in Exhibit C to the Complaint is jewelry that Galatea itself manufactured and sold. Doan has sold only Two of One Heart jewelry that Galatea manufactured, and has not manufactured or ordered Two of One Heart jewelry from any other source.

**C. Doan's Other Designs**

18. The skull ring, the ring that Galatea compares to its "Lion Ring," and the hatching-bird pendant that Galatea compares to its "Pearl egg" are

Doan's own designs. Doan conceived each of them and engaged independent three-dimensional designers, who were not affiliated with Galatea, to model them in 2020, 2021, and 2023, respectively. None was copied from any work of Galatea.

19. Doan's ring was inspired by a police badge. It combines a revolver cylinder, eagle wings, and a star, and it contains no lion. Doan's pendant depicts a chick breaking out through the cracked shell of a pearl egg, while the Galatea piece shown in Exhibit C depicts a bird perched on top of an intact pearl.

**D. Galatea's Registrations and This Action**

20. According to Exhibit A to the Complaint, Chi Huynh obtained copyright registrations for "Octopus" (VA 2-343-023) and "Octopus 2" (VA 2-343-020) with an effective date of February 28, 2023. Chi Huynh obtained registrations for "Whale with Pearl" (VAu 1-595-329), "Piggy Pearl" (VAu 1-595-330), "parrot with pearl" (VAu 1-595-328), "Hummingbird pearl with a long tail" (VAu 1-595-325), "king frog" (VAu 1-595-327), "Bird of paradise jewelry" (VAu 1-595-323), "Gold-fish" (VAu 1-595-332), and "Frog with pearl" (VAu 1-594-318) with an effective date of June 8, 2026, fewer than three months before Galatea filed this action. Doan refers to these ten registrations as the "Challenged Registrations."

21. Each Challenged Registration was issued on a Single Application. Each certificate states that a work may be registered on that application only if it was created by one individual, the author and the owner are the same person, and the work is not a work made for hire. Each names Chi Huynh as the sole author.

22. Those representations were inaccurate. Chi Huynh did not create the Doan Designs. On information and belief, Chi Huynh knew when he applied that the designs originated with Doan and Loc Huynh and that the drawings and models were prepared by Galatea's design personnel, because

Galatea performed that work on commission and delivered the resulting files to Doan.

23. Neither Chi Huynh nor Galatea told Doan about the Challenged Registrations. Doan first learned that Chi Huynh and Galatea claimed sole authorship and ownership of the Doan Designs when he was served with the Complaint in September 2026.

24. On July 16, 2026, Chi Huynh signed a document purporting to assign his copyrights to Galatea. Chi Huynh signed that document both as assignor and on behalf of Galatea. Galatea filed this action on September 3, 2026.

25. After being served with the Complaint, Doan removed the accused designs from his website pending the resolution of this dispute.

**FIRST COUNTERCLAIM**

**(Declaratory Judgment of Non-Infringement)**

26. Doan incorporates paragraphs 1 through 25 above.

27. Doan has not infringed any copyright in the Doan Designs. Galatea rendered those designs at the request of Doan and Loc Huynh, was paid for that work, and delivered the design files to Doan so that he could manufacture and sell jewelry made from them. Doan therefore holds, at minimum, a nonexclusive license that was given for consideration and cannot be revoked.

28. Doan has not infringed any copyright in the works titled “Two in One Heart” and “Two of One Heart.” The accused heart jewelry was manufactured and sold by Galatea itself, and its resale is permitted by 17 U.S.C. § 109(a). The use and sale of that design was also authorized by Chi Huynh and Galatea.

29. Doan has not infringed any copyright in the works titled “mortality skull,” “Lion Ring,” and “Pearl egg.” Doan’s corresponding designs were created independently and are not substantially similar to any protectable

expression in those works.

30. Doan is entitled to a declaration that he has not infringed, directly, contributorily, or vicariously, any copyright asserted in the Complaint.

**SECOND COUNTERCLAIM**

**(Declaratory Judgment of Invalidity of Registrations – 17 U.S.C. § 411(b))**

31. Doan incorporates paragraphs 1 through 25 above.

32. On information and belief, the application for each Challenged Registration included inaccurate information, with knowledge that it was inaccurate, including that Chi Huynh was the sole author of the work, that the author and the owner of the work were the same person, and that the work was not made for hire.

33. On information and belief, the Register of Copyrights would have refused registration on those applications had the inaccuracy been known. Doan requests that the Court, under 17 U.S.C. § 411(b)(2), ask the Register of Copyrights to advise whether the inaccurate information, if known, would have caused the Register to refuse registration.

34. Doan is entitled to a declaration that the Challenged Registrations are invalid and cannot support an action for infringement.

**THIRD COUNTERCLAIM**

**(Declaratory Judgment of Authorship and Ownership – 17 U.S.C. § 201)**

35. Doan incorporates paragraphs 1 through 25 above.

36. Doan, together with Loc Huynh, is an author of the Doan Designs. The drawings and models that Galatea's personnel prepared were renderings of designs that Doan and Loc Huynh created, prepared at their direction. In the alternative, Doan's contributions and those of Galatea's personnel were made with the intention that they be merged into inseparable parts of a unitary whole, and Doan is at minimum a joint author.

37. Galatea disputes Doan's authorship and ownership. Galatea first

asserted to Doan that Chi Huynh was the sole author and that Galatea is the sole owner of the Doan Designs when it served the Complaint in September 2026.

38. Doan is entitled to a declaration that he is an author and an owner, or a co-owner, of the copyright in each of the Doan Designs, that Galatea is not the sole owner of those copyrights, and that Doan cannot be liable to Galatea for infringing them.

**PRAYER FOR RELIEF**

Doan requests that the Court enter judgment as follows:

A. That Plaintiff take nothing by its Complaint, and that the Complaint be dismissed with prejudice;

B. A declaration that Doan has not infringed, directly, contributorily, or vicariously, any copyright asserted in the Complaint;

C. A declaration that the Challenged Registrations are invalid and cannot support an action for infringement;

D. A declaration that Doan is an author and an owner, or a co-owner, of the copyright in each of the Doan Designs;

E. An award to Doan of his costs and reasonable attorney's fees under 17 U.S.C. § 505; and

F. Such other relief as the Court deems just and proper.

Dated: November 18, 2026

CAMUTI LAW GROUP APC

By: /s/ Nathan B. Camuti
Nathan B. Camuti
Attorneys for Defendant and Counterclaimant STEVEN DOAN

## **DEMAND FOR JURY TRIAL**

Under Federal Rule of Civil Procedure 38(b) and Local Rule 38-1, Doan demands a trial by jury on all issues so triable, including all issues raised by his Counterclaims.

Dated: November 18, 2026

CAMUTI LAW GROUP APC

By: /s/ Nathan B. Camuti
Nathan B. Camuti
Attorneys for Defendant and
Counterclaimant STEVEN DOAN